IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANJIT SINGH,                         )
                                      )   2:11-cv-00497-GEB-GGH
            Plaintiff,                )
                                      )
      v.                              )   ORDER
                                      )
UNITED OF OMAHA LIFE INSURANCE        )
COMPANY, and DOES 1 to 40,            )
                                      )
            Defendants.               )
_____       )

            Defendant moves under Federal Rule of Civil Procedure 12(b)(6)
for dismissal of Plaintiff's state claims, arguing the motion should be
granted because the state claims are preempted by the Employee
Retirement Income Security Act ("ERISA"). (Def.'s Notice of Mot. 2:7-11,
ECF No. 4.) Each state claim contains the allegation that Defendant
wrongfully denied Plaintiff's disability claim. (Compl. ¶¶ 16, 19.)
Defendant argues this disability claim was submitted under a group
disability policy under which Plaintiff had disability coverage, and
that this disability coverage was through Plaintiff's employer-sponsored
ERISA plan ("the Plan"). (Def.'s Mot. 1:8-10, ECF No. 4-1.) Defendant
also argues that a "Summary Plan Description" attached to Plaintiff's

1

Complaint evinces that the Plan is an "employee welfare benefit plan" under ERISA; and since Plaintiff's state claims relate to the Plan, each state claim is preempted by ERISA. Id. 1:12-22.

Plaintiff counters the Plan is not within ERISA's preemptive scope because it "falls into the regulatory safe harbor, which excludes from ERISA's jurisdictional ambit certain group or group-type insurance programs offered by an insurer to employees or members of an employee organization." Anderson v. UNUM Provident Corp., 369 F.3d 1257, 1263 n.2 (11th Cir. 2004).

> ERISA broadly preempts state law that relates to "any employee benefit plan" as described in the [ERISA] statute. Insofar as relevant to this case, an employee welfare benefit plan is a plan, fund or program "established or maintained by an employer" to provide benefits in the event of illness, disability or certain other conditions.

Zavora v. Paul Revere Life Ins. Co., 145 F.3d 1118, 1120 (9th Cir. 1998) (quoting 29 U.S.C. §§ 1002(1)(A) and 1144(a)) (internal citations omitted). "'[T]he existence of an ERISA plan is a question of fact, to be answered in the light of *all the surrounding circumstances* from the point of view of a reasonable person.'" Id. (quoting Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co., 809 F.2d 617, 625 (9th Cir. 1987)). "Because . . . ERISA preemption is a federal defense . . . , the burden is on the defendant to prove the facts necessary to establish it." Kanne v. Conn. Gen. Life Ins. Co., 867 F.2d 489, 492 n.4 (9th Cir. 1988) (internal citation omitted).

"To aid in the determination [of whether a plan is an ERISA employee welfare benefit plan], the Secretary of Labor has issued an interpretive regulation that creates for certain employer practices a 'safe harbor' from ERISA coverage." Zavora, 145 F.3d at 1120. This safe harbor regulation prescribes, in pertinent part:

> [T]he term[] "employee welfare benefit plan" . . . shall not include a[n] . . . insurance program offered by an insurer to employees . . . , under which
>
> > (1) No contributions are made by an employer . . . ;
> >
> > (2) Participation [in] the program is completely voluntary for employees . . . ;
> >
> > (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees . . . , to collect premiums through payroll deductions . . . and to remit them to the insurer; and
> >
> > (4) The employer . . . receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions . . . .

29 C.F.R. § 2510.3-1(j). An insurance plan is considered an employee welfare benefit plan under ERISA "when [the] employer fails to satisfy any one of the four requirements of the safe harbor regulation." <u>Stuart v. UNUM Life Ins. Co. of Am.</u>, 217 F.3d 1145, 1153 (9th Cir. 2000).

Defendant argues the Plan is an employee welfare benefit plan under ERISA since Plaintiff's employer did not satisfy the third safe harbor requirement because it endorsed the Plan. Specifically, Defendant contends Plaintiff's employer endorsed the Plan since the Summary Plan Description attached to Plaintiff's Complaint states that Plaintiff's employer was:

> (1) designated as the Plan Administrator;
> (2) authorized to accept service of legal process on behalf of the Plan;
> (3) the party to whom [P]lan participants made requests for information about Plan benefits and procedures;
> (4) the Plan sponsor, who delegated authority to construe and interpret the Policy to [Defendant];

3

            (5)   the party retaining full responsibility for
                  the legal and tax status of its benefits
                  program; and
            (6)   the entity with the authority to change and
                  terminate the Plan or the [insurance] Policy.

(Def.'s Mot. 6:23-7:5 (citing Pl.'s Compl. Ex. 1, at 23, 25-26)
(internal citations omitted.)

        An employer endorses a plan under the third safe harbor
requirement if its involvement in the plan "exceed[s] that of a 'mere
advertiser who makes contributions on behalf of its employees.'" Ames v.
Jefferson Pilot Fin. Co., 515 F. Supp. 2d 1050, 1056 (D. Ariz. 2007)
(quoting Kanne, 867 F.2d at 492). Here, the activities of Plaintiff's
employer described in the Plan make "[i]t . . . clear that, at a
minimum, [Plaintiff's employer] does not merely advertise the [Plan],
but rather, as the administrator of the [P]lan, 'endorses' it within the
meaning of 29 C.F.R. § 2510.3-1(j)(3)." Kanne, 867 F.2d at 493; see also
LaPrease v. Unum Life Ins. Co. of Am., 347 F. Supp. 2d 944, 950 (W.D.
Wash. 2004) (ruling employer endorsed insurance plan when plan documents
stated the employer was the "Plan Administrator[ who] retaine[d] the
right, in its sole discretion, to amend, modify or terminate the Plan,
. . . [had] the right to cancel the policy or a plan under the policy,
and . . . [had] discretionary power under the Plan"). Since Plaintiff's
employer endorsed the Plan, it did not satisfy all four requirements of
the safe harbor regulation. Therefore, Defendant has met its burden of
showing that the Plan is an employee welfare benefit plan under ERISA.

        Further, it is undisputed that Plaintiff's state claims
"relate" to the Plan. Therefore, since Plaintiff's state claims relate
to an employee welfare benefit plan under ERISA, Plaintiff's state
claims are preempted by ERISA, and are dismissed.

Plaintiff requests leave to file an amended Complaint to allege claims under ERISA, "should the Court find ERISA does apply to these proceedings." (Pl.'s Oppn. 3:16-17.) This request is granted. Therefore, Plaintiff is granted fourteen (14) days leave from the date on which this order is filed to file an amended Complaint alleging claims under ERISA. Further, Plaintiff is notified that this action may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to file an amended Complaint within the prescribed time period.

Dated:  September 14, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge