IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANJIT K. SINGH,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY, and THE PSYCHIATRIC SOLUTIONS, INC. LONG TERM DISABILITY PLAN, an employee welfare benefit plan.<br><br>　　　　　Defendants.<br>_____ | 2:11-cv-00497-GEB-GGH<br><br>ORDER RE: SETTLEMENT AND DISPOSITION |

　　　　Plaintiff filed a Notice of Settlement on February 13, 2012, in which she states: "[t]he parties appeared in front of [a mediator] on February 8, 2012 pursuant to the Court's Voluntary Dispute Resolution Program, and reached an agreement on a settlement of this matter. Formal settlement documentation is being finalized, and the parties currently expect to file a stipulation for dismissal of the entire action with prejudice within two weeks." (ECF No. 29.)

　　　　Therefore, a dispositional document shall be filed no later than March 2, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the Status Conference scheduled for hearing on February 27, 2012, is continued to commence at 9:00 a.m. on March 26, 2012, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1] A joint status report shall be filed fourteen (14) days prior to the Status Conference.

IT IS SO ORDERED.

Dated:  February 15, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2